ED KELTON v. THE STATE.

No. 2664. Decided October 22, 1913.

**1.—Aggravated Assault—Charge of Court—Excessive Force.**

Where, upon trial of aggravated assault, the evidence did not raise the issue of excessive force, this matter should not have been embraced in the court's charge of self-defense.

**2.—Same—Self-Defense—Insufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence showed that defendant acted in self-defense, the conviction could not be sustained.

Appeal from the County Court of Ellis. Tried below before the Hon. J. C. Lumpkins.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Clyde F. Winn,* for appellant.—On question of the court's charge:

Marsden v. State, 53 Texas Crim. Rep., 458, 110 S. W. Rep., 897; Aycock v. State, 55 Texas Crim. Rep., 142, 115 S. W. Rep., 590.

C. E. Lane. Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of an assault on his wife, and fined. $25.

His wife, the assaulted party, did not appear at the trial. The State introduced a witness who testified that immediately after the difficulty, or within five minutes, he had a conversation with the defendant in regard to the trouble between himself and his wife, and that appellant, in substance, stated that his wife asked him for money with which to visit her relatives. He informed her that he did not have the money, but would have it by the first of June, and would then furnish it to her. She became very angry and struck him on the head with a bucket. After doing this she ran upon him and began biting him on the shoulder. He reached down and got a rock, which was used to keep the door open, and struck back over his left shoulder with it, hitting her on the head. There was a small cut on her head produced by the blow. This ended the trouble, and this is the State's case. Appellant took the stand in his own behalf and testified as did the previous witness. He also stated that prior to his wife's demand for money, that she requested that she and her husband should leave the place where they were working. This he declined to do because he had entered into a contract to do the work. She then demanded the money to go and visit her relatives, which he states he was unable to give her, but stated he would do so about the first of June. He then testified after striking him over the head she began biting him on the shoulder, and he reached down and got the rock and struck back over his shoulder, inflicting the wound on her head. It seems to be uncontroverted that this was the difficulty as it occurred, and that the wound was a slight wound.

The court charged the jury with reference to self-defense, that appellant would be entitled to defend himself against the attack, although he should use no more force than was necessary. Objection was urged to this limitation to the right of self-defense under the facts. We believe this exception was well taken. However, beyond this, we are of opinion the State has not made out a case which would justify this conviction. While the assault upon a woman usually is aggravated assault, but this does not deprive a party of his right of self-defense against an assault. His right to defend himself against the attack of a woman or against his wife under these circumstances would be the same as her right of self-defense against him or against any other person. As the case is presented by the record and the evidence from both sides, this conviction ought not to have been secured.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*